133 Nev., Advance Opinion 64

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING, LLC,
Appellant,
vs.
SANFORD BUCKLES, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY
SITUATED,
Respondent.

No. 70475

FILED

SEP 14 2017



Certified question pursuant to NRAP 5 concerning the application of NRS 200.620. United States District Court for the District of Nevada; Gloria M. Navarro, Chief Judge.

*Question answered.*

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg and Joel D. Henriod, Las Vegas; Brooks Hubley LLP and Michael R. Brooks and Gregg A. Hubley, Las Vegas; Bradley Arant Boult Cummings, LLP, and Elizabeth A. Hamrick, Michael R. Pennington, and Scott Burnett Smith, Huntsville, Alabama,
for Appellant.

Haines & Krieger, LLC, and David H. Krieger, Las Vegas; Kazerouni Law Group, APC, and Abbas Kazerounian and Michael Kind, Las Vegas,
for Respondent.

Peterson Baker, PLLC, and Tamara Beatty Peterson, Las Vegas,
for Amicus Curiae.

BEFORE THE COURT EN BANC.

17-31094

*OPINION*

By the Court, GIBBONS, J.:

NRS 200.620 prohibits a person from recording a telephone call unless both parties participating in the call consent to the recording. In response to a certified question submitted by the United States District Court for the District of Nevada, we consider whether NRS 200.620 applies to telephone recordings made by a party outside Nevada who uses equipment outside Nevada to record telephone conversations with a person in Nevada without that person's consent. We answer the certified question in the negative, thereby holding that NRS 200.620 does not apply to the recording of interstate calls when the act of recording takes place outside Nevada.

*FACTS AND PROCEDURAL HISTORY*

This original proceeding arises out of a class action suit brought by respondent Sanford Buckles against appellant Ditech Financial LLC in the United States District Court for the District of Nevada. Ditech, a Delaware limited liability company, is a home-mortgage servicer that was headquartered in Minnesota at the time Buckles initiated the underlying litigation. Although Ditech is now headquartered in Florida, it has customer call centers equipped to record telephone calls in Arizona and Minnesota. Buckles is a Nevada resident whose home mortgage is serviced by Ditech. In his complaint, Buckles alleges Ditech violated NRS 200.620 by unlawfully recording certain telephone conversations without Buckles's consent.[1]

---

[1]NRS 200.690(1)(b) provides a private right of action against "[a] person who willfully and knowingly violates NRS 200.620."




(O) 1947A

Ditech moved to dismiss the complaint, arguing NRS 200.620 does not apply to telephone calls recorded by persons and on equipment located outside of Nevada, and if NRS 200.620 does apply, the extraterritorial application of NRS 200.620 would violate the United States Constitution's Due Process Clause and Dormant Commerce Clause. The federal court concluded:

> If [NRS] 200.620 does not apply to recordings made outside of Nevada by Ditech, Ditech's motion to dismiss is due to be granted. If the statute applies to telephone recordings made outside of Nevada by Ditech, however, this Court must decide Ditech's constitutional challenge to the statute under the Due Process Clause and the Dormant Commerce Clause of the United States Constitution. The necessity of reaching these serious constitutional questions depends upon resolution of prior, potentially dispositive, questions of Nevada statutory law.

The federal court therefore decided to certify a question under NRAP 5 concerning the applicability of NRS 200.620. Because the parties ultimately were unable to agree upon the appropriate language of the question to be certified, the federal court certified two questions to this court:

> **Plaintiff's position**: Does [NRS] 200.620 apply to telephone recordings made by a party outside Nevada, who regularly records telephone conversations with Nevada residents, of telephone conversations with a person in Nevada without that person's consent?

> **Defendant's position**: Does [NRS] 200.620 apply to telephone recordings by a party outside Nevada who uses equipment outside Nevada to record telephone conversations with a person in Nevada without that person's consent? If so, does

that decision apply retroactively or prospectively only?

## DISCUSSION

The two certified questions ask essentially the same thing: whether NRS 200.620 applies to recordings of telephone conversations with a person in Nevada without that person's consent when the recordings are made by a party who is located and uses recording equipment outside of Nevada. Based on the following, we answer the question in the negative and, therefore, we need not address the parties' arguments concerning retroactivity.

*NRS 200.620 does not apply to telephone conversations intercepted out of state*

In relevant part, NRS 200.620(1)(a) provides that "it is unlawful for any person to intercept or attempt to intercept any wire communication unless . . . [t]he interception or attempted interception is made with the prior consent of one of the parties to the communication." *See also* NRS 179.430 (defining "[i]ntercept" as "the aural acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device or of any sending or receiving equipment"). This court has concluded that "the tape-recording of telephone conversations constitutes an intercept," and interpreted NRS 200.620 "to prohibit the taping of telephone conversations with the consent of only one party." *Lane v. Allstate Ins. Co.*, 114 Nev. 1176, 1179, 969 P.2d 938, 940 (1998); *see also* Ira David, Note, *Privacy Concerns Regarding the Monitoring of Instant Messaging in the Workplace: Is It Big Brother or Just Business?*, 5 Nev. L.J. 319, 330 (2004) (recognizing NRS 200.620 "parallels the Wiretap Act, and is likewise restricted to interception of actual transmission" (footnote omitted)).

The crux of Ditech's argument is that NRS 200.620 does not apply because the allegedly prohibited conduct—i.e., the interception—took place outside Nevada. Whereas Buckles argues that NRS 200.620 applies because the statute contains no location-based limitations and Ditech's conduct caused harm in Nevada. We agree with Ditech, and conclude that *Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008), is instructive.

*Mclellan* did not address whether someone could be found guilty of violating NRS 200.620 for recording a phone call outside of Nevada; rather, it addressed whether an out-of-state recording of a conversation with a person in Nevada made without that person's consent could be admitted as evidence at their criminal trial. *See id.* at 267-68, 182 P.3d at 109-10. This court ultimately held "that Nevada law allows the admission of evidence legally obtained in the jurisdiction seizing the evidence." *Id.* at 265, 182 P.3d at 108. To reach that holding, this court concluded that the interception in *Mclellan* "was lawful at its inception in California" because California requires only one party to consent to police monitoring the communication. *Id.* at 267 & n.7, 182 P.3d at 109 & n.7. While the central issue concerned admissibility, this court concluded that because the recording was permissible in California, it was admissible in a Nevada criminal trial even though "the manner of interception would violate Nevada law had the interception taken place in Nevada." *Id.* at 267, 182 P.3d at 109.

Consistent with our analysis in *Mclellan*, we hold that NRS 200.620 does not apply when the act of interception takes place outside Nevada. *See id.* Instead, "[i]nterceptions and recordings occur where made." *Kadoranian v. Bellingham Police Dep't*, 829 P.2d 1061, 1065

(Wash. 1992); *see also State v. Fowler*, 139 P.3d 342, 347 (Wash. 2006) ("[T]he test for whether a recording of a conversation or communication is lawful is determined under the laws of the place of the recording."). Accordingly, whether the interception of telephone conversations with Buckles and other putative class members was lawful is determined according to the laws of Arizona and Minnesota, the places where the conversations were intercepted and recorded, not according to the laws of Nevada where the calls were received. Therefore, we answer the certified question in the negative, concluding that NRS 200.620 does not apply to recordings of telephone conversations with a person in Nevada without that person's consent when the recordings are made by a party who is located and uses recording equipment outside of Nevada.

_____, J.
Gibbons

We concur:

_____, C.J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Hardesty

_____, J.
Stiglich

